MR. JUSTICE SHEEHY,
dissenting:
*298 This worker’s right to compensation payments should be reinstated on the law and on the facts.
When Mr. Wood, representing Pacific Employer Insurance, offered an $8,000 settlement, on March 20, 1980, Whitcher had a whole body permanent physical impairment of 20 percent recognized by his doctor. The petition which Wood prepared and had Whitcher sign for $8,000 represented the payments that Whitcher would receive at $94 a week for 1.64 years. The people then handling claims for the Workers’ Compensation Division recognized the proposal as unconscionable. Without contacting Whitcher, the Workers’ Compensation Division negotiated with Wood for an additional 26 weeks of compensation. Whitcher never was consulted by either Wood or the Division as to whether Whitcher would consent to the increase. The necessity for the increase would have impressed upon Whitcher, perhaps, that his dealings with Wood were not on all fours with propriety. Thus, we have a full and final settlement to which Whitcher never consented. As the opinion notes, the Workers’ Compensation Court made no relevant findings as to this point. Nonetheless, the majority airily dismisses the lack of Whitcher’s consent saying, “We fail to see why Mr. Whitcher would not have agreed to the additional terms of the settlement since they were in his economic interest.” Thus does the majority supply the missing element of consent to the agreement in this case. The majority does not attempt to explain how an agreement so detrimental to the interests of Whitcher are in his “economic interest.”
In Kienas v. Peterson (1980), [191 Mont. 325,] 624 P.2d 1, 37 St.Rep. 1747 (Harrison, J.) this Court set aside a full and final compromise agreement before the Workers’ Compensation Court on the ground of mutual mistake. Section 28-2-1611, MCA, permits a contract to be revised by the court when through fraud or mutual mistake a written contract does not truly express the intention of the parties. It was on that basis that Kienas was decided. However, Section 28-16-1611, MCA, also permits the revision of a contract when there is a mistake of one party which the other party at the time knew or suspected. The evidence here shows that Whitcher’s consent to the $8,000 settlement was a mistake. If Pacific did not know it was a mistake at the time, it soon found out when the proposal was submitted to the Workers’ Compensation Division. The subsequent amendment of the proposal for settlement executed between Wood and the Division without the knowledge or consent of Whitcher constituted no contract as far as Whitcher is concerned *299 and there should be no problem about reopening his case before the Workers’ Compensation Court under Section 28-16-1611, MCA.
Section 27-2-203, MCA, provides that the two year statute of limitations for reopening a contract on the ground of fraud or mistake is not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake. The question of fact to be determined in this case should be when did Whitcher determine or discover that he had made a mistake in signing the faulty agreement. There is no doubt that Pacific knew or suspected that he had made a mistake.
Whitcher has been completely disabled since his injury and is completely disabled now. The use of legal dodges to deny him his monetary relief where his medical need is verified, shows the absurdity of courts in this Workers’ Compensation system. The consent of Whitcher to the final settlement here cannot be implied under our statutes because he was never offered a proposal which became the final settlement. Section 28-2-503, MCA. The purported contract could be altered here only by another contract here in writing which does not exist, or by an executed oral agreement which also does not exist. Section 28-2-1602, MCA. There being no contract, Whitcher has no problem with respect to his right to additional compensation, no contract, no bar through the statute of limitations.